IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALBERT KINNEY KINNEBREW,** | |
| Plaintiff, | **CIVIL ACTION FILE NO.** |
| V. | **1:23-cv-01531-SCJ** |
| **BEVERLY KINNEBREW, et al.,** | |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiff's April 7, 2023 *pro se* Complaint (Doc. No. [1]) and a *sua sponte* review of subject matter jurisdiction. [1]

Plaintiff's Complaint is labeled a "Complaint for a Civil Case alleging that the Defendant Owed Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship"). Doc. No. [1]. In his pleading, Plaintiff states that he would like his

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

"real identity and the money back used by the other names[2] and ssn in order to embezzle." Doc. No. [1], 9. He states (and presents documentation) that shows that on February 27, 2001, his name was legally changed from Albert Kinny Stocks, Jr. to Albert Kinney Kinnebrew. Doc. No. [1], 15. However, the following name has been used for him in court and other legal documents: Kennebrew Albert Kerry. Doc. No. [1], 8, 26. He further states that the Floyd County Jail[3] has three different aliases for him such that warrants have been issued in names that are not his and that he has been placed in mental facilities under "these fraudulent names as well." Doc. No. [1], 8. He states that "[t]hese organizations are using" a social security number to "[e]mbezzle money" from him." Id.

The Court held a jurisdictional inquiry hearing on May 19, 2023 and reviewed Plaintiff's supplemental materials filed May 30, 2023. Doc. Nos. [7]; [8].

---

[2] The Court interprets "other names" to mean the named Defendants: Beverly Kinnebrew, Sheila Jones (Employees Retirement System of Georgia); Anita Moore (Division of Child Support Services); Kenneth Smith (Highland River Center). See Doc. No. [1].

[3] The Floyd County Jail is not named as a defendant. The Complaint also contains allegations regarding the Internal Revenue Services ("IRS"); however, the IRS is not named as a defendant.

2

In his supplemental materials, Plaintiff states that he needs identification with the names "Albert Kerry Kennebrew or Albert Kenny Kennebrew" in order to obtain "access to a potential savings account of $189,747,706 dollars." Doc. No. [8], 1. However, the Court's review of the documentation shows that the "$189,741,706"[4] at issue is found at the bottom of an Experian credit file summary and appears to be based upon an advertisement/marketing for a credit card balance transfer. Doc. No. [8], 8.

Federal courts have limited jurisdiction and are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); see also Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001).

A party who files a case in federal court must prove that the court possesses original jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir.

---

[4] The Court notes that there is one digit off in the number referenced by Plaintiff (Doc. No. [8], 1) and the number referenced on page 8 of his supplemental letter. Id. at 8. The difference appears to be a typographical error.

3

2013) ("When a plaintiff files suit in federal court, [he] must allege facts that, if true, show federal subject matter jurisdiction over [his] case exists.").

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)–(b). "Diversity jurisdiction is the power to decide cases between citizens of different states where the amount in controversy exceeds $75,000. Federal question jurisdiction refers to 'civil actions arising under the Constitution, laws, or treaties of the United States.'" Anderson v. Emory Transplant Clinic, 746 F. App'x 958, 959 (11th Cir. 2019) (citations omitted).

In the case *sub judice*, Plaintiff's pleading, liberally construed,[5] show that he has filed a "Complaint for a Civil Case alleging that the Defendant Owed Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship)"; however, there is a deficiency in Plaintiff's attempt to establish diversity jurisdiction in that Plaintiff and all named Defendants are alleged to be Georgia citizens. See Doc. No. [1], 3–6. As stated by one court:

> According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any

---

[5] As a *pro se* plaintiff, Plaintiff's pleadings are subject to a different standard of review than those drafted and filed by lawyers. The Supreme Court has held that a document filed *pro se* is "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007), citing Estelle v. Gamble, 49 U.S. 97, 106 (1976).

> defendant. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337 (11th Cir. 2002). Indeed, one of the Supreme Court's earliest cases, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806),4 held that there is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side.

Audi Performance & Racing, LLC v. Kasberger, 273 F. Supp. 2d 1220, 1225 (M.D. Ala. 2003).

Here, the parties on both sides of the lawsuit are citizens of the State of Georgia. Accordingly, no diversity of jurisdiction exists.

The Court is compelled to *sua sponte* dismiss any action where subject matter jurisdiction is lacking. See Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action *sua sponte* if subject matter jurisdiction is lacking); see also Jenkins v. Lennar Corp., 216 F. App'x 920, 921 (11th Cir. 2007) (holding that "when the district court lacks subject-matter jurisdiction, it should dismiss the complaint 'sua sponte if necessary, pursuant to Fed. R. Civ. P. 12(h)(3)'").[6]

---

[6] The Court recognizes that in light of Plaintiff's *pro se* capacity, it is supposed to apply liberal construction and consider other possible claims, such as claims under 42 U.S.C. § 1983 (civil action for deprivation of rights) as well as permit amendment, where not futile. Having considered the Complaint (and supplemental filing), and presided at a

5

In conclusion, this case is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to enter Judgment and close this case. The Clerk is further **DIRECTED** to mail a copy of this Order and the Judgment by certified mail (signature required) to Plaintiff's address of record.[7]

**IT IS SO ORDERED** this 19th day of July, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

jurisdictional inquiry hearing, the Court does not find that leave to amend (and additional pleading instruction from the Court) is warranted under applicable law at this time.

[7] The Court declines to grant Plaintiff's blanket request for certified mailings of all future orders of the Court.